UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


PRINCE ALBERT RANKIN III,   :    NO. 1:94-CR-00051
                      :
      Petitioner,       :
                      :
      v.                :    **OPINION AND ORDER**
                      :
UNITED STATES OF AMERICA,   : 
                      :
      Respondent.       :


This matter is before the Court on Petitioner's pro se Motion to Reopen the Judgment of the Petitioner's 28 U.S.C. § 2255 Pursuant to Fed. R. Civ. P. 60(b)(6) (doc. 177), the Government's Response in Opposition (doc. 178), and Petitioner's Reply (doc. 181).

**I.  Background**

Petitioner requests the Court to apply equitable tolling to his habeas petition due to the fact that his appellate counsel was allegedly inadequate, and was disbarred for misconduct involving dishonesty, fraud, deceit, and misrepresentation (doc. 177).  Petitioner avers his counsel failed to argue issues desired by Petitioner, failed to file for rehearing or for writ of certiorari, and failed to provide Petitioner with a copy of the denial of his appeal or copies of any of his requested legal papers (Id.).  Petitioner argues that under Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988), the Court must consider in determining whether equitable tolling is appropriate (1) the petitioner's lack of notice of the filing requirement, (2) the petitioner's lack of

constructive knowledge of the filing requirement, (3) diligence in pursuing one's rights, (4) absence of prejudice to the respondent, (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim (Id.). Petitioner argues that due to his appellate counsel's failure to consult or adequately represent him, he has a very reasonable reason for remaining ignorant of his need to file his Section 2255 within one year (Id.). Consequently, Petitioner seeks to file an out-of-time habeas petition (Id.).

The government responds with a detailed procedural history of Petitioner's conviction and the challenges he has raised to such conviction during the last decade (doc. 178). On August 15, 1994, Petitioner pleaded guilty to conspiracy to distribute cocaine and possession with intent to distribute two kilograms of cocaine (Id.). The Court sentenced him to nineteen years and seven months in prison, the sentence he is currently serving ( Id.). Subsequent to his sentence, Petitioner filed a timely notice of appeal, arguing (1) the trial court improperly participated in the plea negotiation process, (2) the Court improperly denied his motion to withdraw his plea of guilty, and (3) his right to a speedy trial was violated (Id.). On August 14, 1996, the Appeals Court affirmed Petitioner's conviction (Id.).

On December 4, 1997, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Id.). In such motion, he again alleged that (1) the trial court improperly participated in the plea negotiation process, and (2) the Court should have

2

allowed him to withdraw his plea (Id.). The government argued that Petitioner's claim was barred by the one-year statute of limitations (doc. 116). On March 3, 1999, the Court denied Petitioner's motion as time-barred, noting that the motion failed to assert any claims not already considered by the Sixth Circuit (doc. 122).

On March 19, 1999, Petitioner filed a notice of appeal of the March 3, 1999 Order, and shortly thereafter filed a motion for reconsideration (doc. 178). The Court denied Petitioner's motion for reconsideration (doc. 128). While his appeal was pending, Petitioner filed a motion for a new trial, which the Court denied, while issuing a refusal to issue a certificate of appealability (doc. 141).

On June 1, 1999, Petitioner sought a certificate of appealability with the Sixth Circuit, alleging his petition should be considered timely filed, and his Section 2255 counsel was ineffective (doc. 140). The Sixth Circuit denied Petitioner's application for a certificate of appealability (doc. 178).

In January of 2000, Petitioner filed a motion for leave to file an out of time Section 2255 motion due to alleged ineffective assistance of counsel (doc. 143). The Court denied such motion (doc. 154), and the Court of Appeals denied granting a certificate of appealability (doc. 160).

On January 17, 2003, Petitioner filed a motion to withdraw his guilty plea, which the Court denied (doc. 164). The Sixth Circuit affirmed the District Court (doc. 171).

3

The government essentially argues Petitioner is simply trying again, by means of Fed. R. Civ. P. 60, to achieve what he has been unable to obtain through his long history of filings in this matter (doc. 178). The government further argues that ineffective assistance of counsel does not apply in this context because Petitioner had no right to counsel in advancing a Section 2255 motion (Id. citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)). Ignorance of the limitations period does not toll the period, argues the government, and Petitioner should have monitored the status of his action and cannot place the blame on his attorney's failure to file a timely motion (Id. citing Brown v. United States, 20 Fed. Appx. 373 (6th Cir. 2001), United States v. Baker, 197 F.3d 211, 218-19 (6th Cir. 1999), and Coleman v. Johnson, 184 F.3d 398, 492 (5th Cir. 1999)). Finally, the government argues Petitioner has already filed a motion to file his Section 2255 out of time, this was rejected, and the Sixth Circuit affirmed the rejection (Id.). Consequently, argues the government, Petitioner's motion should be rejected under the doctrine of res judicata (Id.).

Petitioner responds the Court should reject the government's position, because the government has failed to address the reasoning of his petition (doc. 181). Petitioner argues his appellate counsel "ran off" with his legal papers and that it was reasonable for he and his family to be stressed out trying to find the attorney they paid for, who ran off with their money and legal papers, and who failed to advise them of the change in law effected by the Antiterrorism and Effective Death Penalty Act

4

("AEDPA")(<u>Id</u>.).  Petitioner further argues the government does not address the "conflict of interest" between he and his appellate counsel (<u>Id</u>.).

## II.  Applicable Standard

Petitioner brings his current motion pursuant to Fed. R. Civ. P. 60(b)(6), which provides the standard governing a motion for reconsideration.    Rule 60(b)(6) provides: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for. . .(6) any . . . reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Rule 60 (b) specifies that in order to modify an order of a federal court, a party must show that judicial proceedings have been tainted by "mistakes, inadvertence, excusable neglect [or] extraordinary circumstances." <u>See</u> <u>United States v. Universal Management Servs., Inc.</u>, 191 F.3d 750, 757 (6th Cir. 1999).  Relief under 60(b) is "extraordinary and may be granted only upon a showing of exceptional circumstances." <u>Stotts v. Memphis Fire Dept.</u>, 679 F.2d 541, 562 (6th Cir. 1982), <u>rev'd on other grounds</u>, 467 U.S. 561 (1984); <u>see also</u> <u>Williams v. Arn</u>, 654 F. Supp. 241, 246-47 (N.D. Ohio 1987) (quoting same).

## III.  Analysis

The question before the Court is whether in light of case law and the specific facts of this case, Petitioner has shown "extraordinary circumstances" justifying the grant of leave to file

his petition out of time. The facts of this case show that the underlying basis for Petitioner's Section 2255 motion has already been subject to an appeal that he lost. Yet even had that not been the case, Petitioner in no way addresses the government's proffered authorities, which provide no leeway for an ignorance of a limitations argument based on reliance on ineffective counsel. <u>Brown v. United States</u>, 20 Fed. Appx. 373 (6th Cir. 2001), <u>United States v. Baker</u>, 197 F.3d 211, 218-19 (6th Cir. 1999), and <u>Coleman v. Johnson</u>, 184 F.3d 398, 492 (5th Cir. 1999). Although the Court is sympathetic to Petitioner's difficulties with his counsel, such difficulties do not qualify this matter for equitable tolling under <u>Andrews v. Orr</u>, 851 F.2d 146, 151 (6th Cir. 1988). The law places the burden of diligence in complying with the limitations period on Petitioner, and does not consider ineffective counsel as a reasonable justification for remaining ignorant of filing requirements.

## IV. Conclusion

Having reviewed this matter, the Court finds the government's position well-taken that Petitioner's motion should not be granted in the light of applicable case law. Consequently the Court declines to apply equitable tolling to this case. Accordingly, the Court DENIES Petitioner's <u>pro se</u> Motion to Reopen

the Judgment of the Petitioner's 28 U.S.C. § 2255 Pursuant to Fed.

R. Civ. P. 60(b)(6) (doc. 177).

       SO ORDERED.

Dated: January 25, 2006      <u>s/S. Arthur Spiegel</u>
                           S. Arthur Spiegel
                           United States Senior District Judge